J-S01044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HENRY ZABALA-ZORILLA | : | |
| | : | |
| Appellant | : | No. 841 MDA 2016 |

Appeal from the PCRA Order May 17, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002404-2012,
CP-06-CR-0003321-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HENRY MIGUEL ZABALA-ZORILLA | : | |
| | : | |
| Appellant | : | No. 842 MDA 2016 |

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002404-2012

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 01, 2018**

Appellant, Henry Miguel Zabala-Zorilla,[1] appeals from the order

entered in the Berks County Court of Common Pleas, which dismissed his

_____

[1] Appellant's name appears throughout the certified records as either Henry
Miguel Zabala-Zorilla or Henry Zabala-Zorilla.

first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We summarize the relevant facts and procedural history of these cases as follows. At several docket numbers, the Commonwealth charged Appellant with multiple sex offenses and related crimes against multiple victims. Under some pretext or another, Appellant eventually took each victim back to his residence, where he held his victim against her will and sexually violated her. A jury convicted Appellant of numerous offenses, including multiple counts of kidnapping and rape. The court sentenced Appellant on May 3, 2013, to an aggregate term of 84½ to 169 years' incarceration. New counsel represented Appellant to file post-sentence motions, which the court denied on May 14, 2013. This Court affirmed the judgment of sentence on March 25, 2014, and our Supreme Court denied allowance of appeal on October 15, 2014. *See Commonwealth v. Zabala-Zorilla*, 100 A.3d 318 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 997 (2014). Appellant sought no further direct review, so the judgment of sentence became final on January 13, 2015, upon expiration of the 90 days to seek review with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13.

Still represented by post-sentence/direct appeal counsel, Appellant timely filed a counseled first PCRA petition on October 8, 2015. The court issued notice of its intent to dismiss the petition without a hearing per

Pa.R.Crim.P. 907, on January 20, 2016.[2]  On May 17, 2016, the PCRA court denied the petition.  Appellant *pro se* filed timely notices of appeal at each docket on May 23, 2016.  On June 6, 2016, the court ordered Appellant to file concise statements of errors complained of on appeal at each docket number, which Appellant filed **through counsel** on June 10, 2016.  This Court consolidated the appeals the same day.

On August 1, 2016, Appellant filed a petition in this Court to proceed *pro se*; this Court remanded the matter on August 4, 2016, for a **Grazier**[3] hearing that took place on September 13, 2016.  On November 23, 2016, the PCRA court granted both counsel's application to withdraw and Appellant's request to proceed *pro se* on appeal.  On January 24, 2017, Appellant filed in this Court an application for appointment of counsel, which this Court denied as moot on February 8, 2017.  Between February and May, Appellant requested several extensions of time to file his brief, which this Court granted.  In the last request, Appellant asked for the appointment of a

---

[2] In response to Rule 907 notice, Appellant did not challenge the assistance of PCRA counsel on any grounds, such as identifying issues Appellant wanted to raise, which counsel did not raise in the petition.  So, Appellant has waived any claims of ineffective assistance of PCRA counsel Appellant might have or suggest because he cannot raise them for the first time on this appeal.  **See Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1044 n. 14 (2011); **Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 894 n. 12 (2010); **Commonwealth v. Henkel**, 90 A.3d 16 (Pa.Super. 2014) (*en banc*), *appeal denied*, 627 Pa. 771, 101 A.3d 785 (2014).  Therefore, current counsel was limited to briefing the only issue properly preserved for appeal.

[3] **Commonwealth v. Grazier**, 552 Pa. 9, 12-13, 713 A.2d 81, 82 (1998).

Spanish-speaking attorney, based on Appellant's assertion that he did not understand the prior *Grazier* colloquy. This Court remanded for another *Grazier* hearing that took place on June 5, 2017, after which the court appointed new counsel to assist Appellant in his appeals. On July 5, 2017, Appellant filed a *pro se praecipe* to withdraw his appeal, which this Court forwarded to newly-appointed counsel. On July 6, 2017, newly-appointed counsel requested an extension of 90 days from July 18, 2017, to file a brief in this case, so he could familiarize himself with the file, communicate with Appellant *via* an interpreter, and research the relevant issues, while balancing the needs of his other court-appointed clients. This Court granted the application and extended Appellant's brief due date to October 16, 2017. Counsel sought another extension of time on October 13, 2017, which this Court granted until November 15, 2017.

On or about November 13, 2017, Appellant filed in this Court a *pro se* motion for substitution of counsel, claiming current counsel (1) failed to fulfill his duty to represent Appellant adequately and conduct a preliminary investigation of the record and facts of the case to determine prior counsel's ineffectiveness; (2) sought two extensions of time to file a brief on Appellant's behalf without "good cause" indicating "mere sloth and incompetence"; and (3) failed to utilize the appointed interpreter. Appellant sought an order from this Court that (a) compelled the appointment of a Spanish-speaking attorney to review all prior proceedings to ensure there

was no defaulting of relevant claims and (b) retained jurisdiction over the PCRA proceedings. Counsel filed an appellate brief on Appellant's behalf and later he filed a court-ordered response to Appellant's *pro se* motion on December 12, 2017. In the response to Appellant's motion, counsel denied Appellant's accusations; explained again the reasons for his two requests for extensions of time to file a brief, which this Court had already granted; informed this Court that a Spanish-speaking attorney was unavailable or had declined representation of Appellant, thus the PCRA court retained an interpreter; all letters Appellant sent to current counsel, except the first, were written in standard English only; and Appellant at no time ever indicated that he was unable to understand counsel's letters. For these reasons, counsel averred that Appellant's purported language barriers do not exist with respect to written communications, which belies any claim that Appellant's PCRA rights were compromised because of a language barrier. Given the timely filed brief advocating on Appellant's behalf, counsel concluded he has fulfilled his duty to provide Appellant with adequate representation on this appeal. The Commonwealth filed its brief on December 18, 2017. Appellant's motion was then deferred for disposition to the panel assigned to the case.

Initially, regarding Appellant's motion for substitution of counsel, the Pennsylvania Supreme Court's decision in ***Jette, supra*** wholly abrogated the procedure previously followed under ***Commonwealth v. Battle***, 879 A.2d

266 (Pa.Super. 2005), when an appellant filed a *pro se* motion for appointment of new counsel during the pendency of a counseled appeal; ***Jette*** also clarified the process for a defendant to pursue claims of ineffective assistance of appellate counsel in the context of post-conviction collateral proceedings:

> [A]bsent a motion for change of counsel, where the appellant can demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him, or perhaps a timely petition for self-representation, or the retention of private counsel, the appellant must remain with appointed counsel through the conclusion of the appeal.

***Jette, supra*** at \_\_\_, 23 A.3d at 1042 (internal citation omitted). "[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion. Moreover, once the brief has been filed, any right to insist upon self-representation has expired." ***Id.*** at \_\_\_, 23 A.3d at 1044. Consistent with the Majority's position, Chief Justice Castille wrote:

> [T]he decision to proceed with counsel, once made, should not include reservation of a veto power and a power to change one's mind concerning counsel, after counsel has already been put to the task. The procedure inverts the attorney-client relationship. Just as defendants have no "right" to taxpayer-financed counsel of their choice, I see no reason in law or logic to assume they have a right to dictate the issues to be pursued on collateral appeal (or direct appeal for that matter), once counsel is appointed. The proper repository for complaints concerning counsel is the PCRA, and not a cumbersome process once the case is already on appeal and briefed.

***Id.*** at \_\_\_, 23 A.3d at 1047 (Chief Justice Castille, Concurring).

Significantly, "an indigent criminal defendant does not enjoy the unbridled right to be represented by counsel of his own choosing." *Id.* at ___, 23 A.3d at 1041. *See also Commonwealth v. Albrecht*, 554 Pa. 31, 63, 720 A.2d 693, 709 (1998); *Commonwealth v. Tighe*, ___ A.3d ___, 2018 PA Super 86 **\*13** (filed April 12, 2018) (stating same).

Instantly, Appellant filed a motion for substitution of counsel, on November 13, 2017, just days before counsel filed an advocate's brief for Appellant. The timing of Appellant's motion alone, however, cannot be dispositive. *See Jette, supra*. Appellant's motion makes clear he is primarily dissatisfied with current counsel's delay in filing a brief and the failure of the PCRA court to appoint for him a Spanish-speaking attorney. This Court forwarded Appellant's motion to counsel, ordered counsel to respond, and counsel complied, concluding he had not defaulted on Appellant's appeal and Appellant's request for substitution of counsel lacked merit for various reasons. Appellant's purported complaints about current counsel were not based on irreconcilable differences; Appellant merely disputed counsel's appellate strategy.

Moreover, the appellate record makes clear that Appellant is largely responsible for the delay in his appeal. Between August 2016 and July 2017, Appellant asked to proceed *pro se* and gained a remand for a *Grazier* hearing, after which he proceeded *pro se*. During his *pro se* period, he sought several extensions of time to file his brief. Appellant then changed

his mind and demanded appointment of a Spanish-speaking attorney, and obtained a second remand for a second *Grazier* hearing, after which the court appointed current counsel and an interpreter, because no Spanish-speaking attorney was available. So, a majority of the delay in resolving this appeal is directly attributable to Appellant.

Once the PCRA court appointed current counsel, counsel sought only two extensions of time to file a brief, which this Court deemed good faith requests and granted. After counsel filed the appellate brief, Appellant indicated no dissatisfaction with the brief or specific factual allegations which if true would establish current counsel as ineffective. Consistent with prevailing law, we refuse to remand the case again on the grounds alleged. Instead, we deny Appellant's open motion for substitution of counsel and require Appellant to remain with current counsel, now that the briefs are filed, to avoid further and unnecessary "disruption of the orderly disposition" of this appeal. *See Albrecht, supra*. Accordingly, we will address the one issue properly preserved in Appellant's counseled PCRA petition, which the PCRA court addressed and current counsel briefed for this appeal:

> DID THE PCRA COURT ERR IN DENYING POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WHERE THE PCRA PETITION ALLEGED THAT TWO WITNESSES WERE AVAILABLE AND KNOWN TO TRIAL COUNSEL BUT WERE NOT CALLED TO TESTIFY AT TRIAL AND THAT THE TWO WITNESSES WERE PRESENT AT THE RESIDENCE WHERE THE ALLEGED SEXUAL ASSAULT OCCURRED?

(Appellant's Brief at 4). Although raised under both docket numbers, the

record makes clear this issue refers solely to the victim, M.C., in the case prosecuted at Docket No. 2404-2012.

Appellant argues M.C., the victim in the case prosecuted at Docket No. 2404-2012, testified that she screamed for help during her ordeal involving Appellant. Regardless of whether her screams were muffled or she was choked, Appellant maintains the screams would have been heard by his housemate, Leonor Rogaluna, or by his son, Henry Zabala-Zorilla, Jr., both of whom were in the house. Appellant insists his claim that his housemate and his son heard no screams is viable. Appellant contends defense counsel was informed of these two potential witnesses. Appellant insists both were prepared to cooperate and testify for Appellant at trial. Because the issue for the jury at trial was one of credibility, Appellant submits defense counsel was ineffective for failing to call these witnesses on Appellant's behalf; counsel's decision resulted in prejudice to Appellant and denied him a fair trial. Appellant concludes he is entitled to a hearing, where the PCRA court can weigh trial counsel's testimony that Appellant's son was unavailable for trial against Appellant's son's testimony that he was. For the following reasons, we disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*,

612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 701 A.2d 541 (1997); ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008); Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016) (quoting ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007)).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit;

(2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness of counsel will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Taylor, supra* at 1042 (quoting *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal defendant alleging prejudice must show

that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted). "The petitioner bears the burden of proving all three prongs of the test." *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Basemore*, 560 Pa. 258, 295, 744 A.2d 717, 738 n.23 (2000).

A petitioner's claim that counsel was ineffective, for failing to call a particular witness at trial, requires certain proof:

> [T]he [petitioner] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness' existence; (4) that the witness was prepared to cooperate and would have testified on [petitioner's] behalf; and (5) that the absence of the testimony prejudiced [petitioner].

*Commonwealth v. Michaud*, 70 A.3d 862, 868 (Pa.Super. 2013). Significantly, a court shall not find trial counsel ineffective for failure to call a witness unless the petitioner shows how the uncalled witness' testimony would have been beneficial under the circumstances of the petitioner's case. *Commonwealth v. Gibson*, 597 Pa. 402, 441, 951 A.2d 1110, 1134 (2008); *Commonwealth v. Auker*, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). Trial counsel's failure to call a witness does not constitute arguable

- 12 -

merit without some showing that the testimony of the absent witness would have been valuable to the asserted defense. *Commonwealth v. Durst*, 522 Pa. 2, 6, 559 A.2d 504, 506 (1989). In this context, the petitioner must establish prejudice by demonstrating that he was denied a fair trial due to the absence of the testimony of the proposed witness. *Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004).

"Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." 42 Pa.C.S.A. § 9545(d)(1). *See also* Pa.R.Crim.P. 902(A)(15). "[T]he certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding"; the certification requirement can also be met by the proposed witness or the witness' attorney. *Commonwealth v. Pander*, 100 A.3d 626, 640-41 (Pa.Super. 2014) (*en banc*), *appeal denied*, 631 Pa. 712, 109 A.3d 679 (2015). The content of the certification must comply with Section 9545(d)(1) and include an accurate summary of the missing witness testimony, to the best of the certifier's knowledge. *Id.*

Instantly, Appellant filed a counseled first PCRA petition in which he

asserted ineffective assistance of trial counsel for failing to call Leonor Rogaluna and Henry Zabala-Zorilla, Jr. at trial as witnesses for the defense. The certification attached to Appellant's petition in relevant part stated:

> That at the time of the evidentiary hearing, Petitioner intends to call Leonor Rogaluna to testify. Leonor Rogaluna will testify that she and Roberto Antonio Castro were renting a room inside the residence located at 1552 N. 10th Street, Reading, PA. Leonor Rogaluna will testify that she was paying rent to the Petitioner in order to live at the aforementioned residence and resided there for approximately 6 months during 2011. Leonor Rogaluna will testify that she was present when the Reading Police conducted a search of the residence following allegations made by [M.C.]. Leonor Rogaluna will testify that she spoke with the police on the date of the initial search, provided her biographical information and was present during several other times when the police came back to take pictures or collect evidence. Leonor Rogaluna will testify that on one occasion during the time frame of [M.C.'s] complaint, she observed a woman with clean hair go inside the Petitioner's bedroom with the Petitioner. Leonor Rogaluna will testify that she and Roberto Antonio Colon are always home by 8 pm. and watch TV until the late hours of the evening. Leonor Rogaluna will testify that at no time while living at 1552 N. 10th Street, Reading, PA did she hear a woman screaming for help. Leonor Rogaluna will testify that she was willing and available to testify at trial. Leonor Rogaluna will testify that she appeared at the Petitioner's sentencing hearing at the request of the Petitioner's mother because the Petitioner's attorney never contacted her about coming in to testify at trial.
>
> That at the time of the requested evidentiary hearing in this matter, Petitioner intends to call Henry Zabala-Zorilla, Jr. [who] will testify that he was present inside 1552 N. 10th Street, Reading, PA at the time the Petitioner brought [M.C.] to the home. Henry Zabala-Zorilla, Jr. will testify that he heard his father having sex with [M.C.] and at no time that evening did he hear [M.C.] screaming for help. Henry Zabala-Zorilla, Jr. provided this information to the

Petitioner's counsel prior to trial and was available to testify at the trial. Henry Zabala-Zorilla, Jr. spoke with Petitioner's counsel several times prior to trial and will testify that none of his contact information changed prior to trial. Henry Zabala-Zorilla, Jr. was present at the time of sentencing because he was never contacted to testify at trial and wanted the trial court to hear the information he would have testified to at trial if called as a witness.

(Certification of Intended Witnesses, attached to Appellant's PCRA Petition, filed 10/8/15). The Commonwealth answered that Appellant's son was unavailable as a witness at trial because his family and defense counsel could not locate him; and Ms. Rogaluna's proposed testimony was so vague that it would not have changed the outcome of the trial.

In response to Appellant's issue, the PCRA court stated:

The record…reflects that trial counsel did not call Henry Zabala-Zorilla, Jr. to testify because his family could not locate him. Accordingly, it is clear that that particular witness was not available and/or willing to cooperate. With regard to Ms. Rogaluna, this court agrees with the Commonwealth's assessment that her description of a "women with clean hair" is so vague that it is impossible to determine whether she is referring to one of the…victims in this case or some other woman. Moreover, given the overwhelming evidence of the [petitioner's] guilt, while taking into consideration the fact that the uncorroborated testimony of a rape victim is sufficient to support a rape conviction, we are unable to see how the [petitioner] could prove that Ms. Rogaluna's testimony was necessary to avoid prejudice.

(Order and Notice of Intent to Dismiss, filed January 20, 2016, at 5-6, attached as Exhibit A to PCRA Court Opinion, filed June 27, 2016).

Here, trial counsel told the court at sentencing that she could not present Henry Zabala-Zorilla, Jr. at trial because neither he nor his family

made him available for trial. Trial counsel told the court that the family did not produce him, she could not locate him, and the Commonwealth was unable to find him, despite efforts by the District Attorney's office, who wanted to call him as a witness for the prosecution. (**See** N.T. Sentencing, 5/3/13, at 20.) Importantly, the certification of Henry Zabala-Zorilla, Jr. does **not** say he was prepared and willing to testify at trial on Appellant's behalf. *See Michaud, supra*.

Further, Henry Zabala-Zorilla, Jr.'s certification states he "was present at the time of sentencing because he was never contacted to testify at trial and wanted the trial court to hear the information he would have testified to at trial if called as a witness." (**See** Certification of Intended Witnesses, attached to Appellant's PCRA Petition, filed 10/8/15.) After trial counsel told the court at sentencing about Henry Zabala-Zorilla, Jr.'s unavailability at trial, the court allowed him to testify for Appellant. At no time did Henry Zabala-Zorilla, Jr. explain his absence from trial or contradict counsel's prior representation to the court. (**See** N.T. Sentencing at 21-22.) The record contains no evidence that Henry Zabala-Zorilla, Jr. was even on hand to support his father during the trial, despite the witness' opportunity to say so at the sentencing hearing. Nothing in his certification precludes or explains Henry Zabala-Zorilla, Jr.'s nonappearance during Appellant's trial. Because the record shows this proposed witness was unavailable at trial, defense counsel cannot be deemed ineffective for failing to present his testimony.

Likewise, the proposed testimony of Ms. Rogaluna was not genuinely exculpatory. Trial counsel told the court at the sentencing hearing that she knew about the older couple who lived in the house, but she did not think their testimony would be helpful because they saw nothing to rebut any of the allegations against Appellant. (*See* N.T. Sentencing at 20.) The certification for Ms. Rogaluna's proposed testimony offered a description of a "woman with clean hair" going into Appellant's bedroom. The description is so lacking in detail that it cannot represent M.C. with any certainty. Further, Ms. Rogaluna certified that she heard no screaming but she also did not hear the police make forcible entry into the home, after knocking and announcing, to execute a search warrant. According to the trial testimony, she appeared very surprised to encounter the police on the third floor where she lived. The victim also testified at trial that the person in the room next to Appellant's turned up the volume on the television in that room. Thus, trial counsel assessed this testimony would not have contributed to the defense. Given the other evidence against Appellant, we cannot say with confidence that the verdict would have been different with the testimony of these proposed witnesses.

Ordinarily, counsel's decision not to present witnesses would be considered a matter of trial strategy, and challenges to trial strategy often invoke questions of counsel's rationale behind the chosen tactic, which in turn can require an evidentiary hearing on the reasonableness of counsel's

actions under the circumstances. ***See Commonwealth v. Cousar***, 638 Pa. 171, 191-92, 154 A.3d 287, 299 (2017) (expressing preference for evidentiary hearing on reasonableness of counsel's actions or inactions before deciding that counsel's strategy was, in fact, reasonable). Nevertheless, the PCRA court did not require another hearing in this case because the court had the benefit of counsel's rationale at the sentencing hearing. Further, any testimony from a third party concerning the fact of the victim's presence in the house had little or no evidentiary value for the defense because it would confirm only that the victim was there with Appellant. Based on the foregoing, Appellant failed to meet his burden to plead and prove his defense counsel was ineffective on the grounds alleged. Given the record in this case, Appellant's claim lacked arguable merit and therefore warranted no relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/01/18